IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STANLEY DEMERE,

        Petitioner,

V.                                         CIVIL ACTION NO. 2:09cv83
                                                            (Judge Maxwell)

WARDEN DAVID BALLARD

        Respondent.

## ORDER

On July 22, 2009, pro se petitioner, filed a petition pursuant to 28 U.S.C. §2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the undersigned made a preliminary review of the petition and found that summary dismissal of the same was not warranted. Accordingly, the respondent was directed to answer the petition. On December 1, 2009, the respondent filed a Motion to Dismiss the petition for failure to exhaust state court remedies. On December 2, 2009, a Roseboro Notice was issued, and on December 18, 2009, the petitioner filed a Motion to hold his petition in abeyance pending his efforts to exhaust all of the claims raised in his federal petition. On January 8, 2010, the undersigned issued an Order directing the respondent to show cause why the petitioner's Motion for abeyance should not be granted. To date, the respondent has not replied.

The pending petition for federal habeas relief pursuant to 28 U.S.C. § 2254 raises the following grounds for relief:

    1.     The Petitioner's first degree murder conviction was obtained as a direct result of ineffectiveness of counsel at trial. This violated Petitioner's right to effective assistance of counsel as guaranteed by the United States Constitution and the Fifth and Fourteenth Amendments thereto and pursuant to *Strickland v. Washington* 66 U.S. 668 (1984).

2. The Petitioner argues that he was denied his constitutional rights to due process of law when he was denied to present a complete defense in holding the Petitioner's evidence of third party guilt is inadmissible which violated the Petitioner's right to confront witnesses under the confrontation clause as guaranteed by the United States Constitution the Sixth and Fourteenth Amendments Thereto Pursuant to *Crawford v. Washington* 541 U.S. 36 (2004.)

3. The Petitioner argues that the circuit court committed reversible trial error in denying his defense motion for acquittal made at the conclusion of the State's evidence and at the conclusion of all the evidence, since the States (sic) as a matter of law, did not prove his guilt of first degree murder beyond a reasonable doubt.

4. The Petitioner argues that the circuit court violated his rights to due process and equal protection of the law and a fair trial when it denied his defense's motion to exclude from the evidence the two guns that he owned which the State could not prove were the murder weapons.

5. The Petitioner argues his right to a fair trial and due process of law (sic) when the circuit court allowed the State to introduce into evidence the gruesome photographs of the decedent's body marked as State exhibit numbers P-31 through P-35.

6. The State of West Virginia violated W.Va rules and fundamental requirements of *Brady v. Maryland* and *Napue v. Illinois*, by holding exculpatory information from the Petitioner in not granting his defense discovery request that the State was required to furnish his defense counsel with the questions and answers to those questions and the notes of the polygraph examiner for the lie detector test given to Billy L. Sites by the State there by violating the Petitioner's Fifth, Sixth and Fourteenth Amendment to due process of law.

7. The Petitioner argues that the circuit court committed reversible trial error when it allowed the State to introduce into evidence and not directing the jury to totally disregard the alleged oral statements that they Petitioner had not talked to the decedent Bonnie Demere the day of her murder when contacted by telephone by West Virginia State Police, Trooper A.D. Teter.

8. The Petitioner argues that the circuit court committed reversible trial error when it denied him a fair and impartial jury trial, based on the cumulative effect of numerous errors at trial.

9. The Petitioner argues that the West Virginia Supreme Court of Appeals

    refused to grant full appellant (sic) review of his direct appeal, violating his due process rights as guaranteed by the United States Constitution and

Fourteenth Amendment of the West Virginia Constitution thereto pursuant to *Evitts v. Lucey*, 468 U.S. 378, 405, 105 S.Ct. 830 (1985)

In his Motion to Dismiss, the respondent argues that Grounds four through seven were not raised as federal claims in state court, Ground eight was never raised, and Ground nine cannot be exhausted because there is no constitutional right to post conviction review. The respondent then notes that although the petitioner has had a full round of state proceedings with appointed counsel, the omnibus hearing was "limited based upon the Court's prior rulings to the issue of bifurcation and the issue of ineffective assistance of counsel." (Doc. 17-11, p.4). Accordingly, the respondent acknowledges that the petitioner could arguably return to state court for a full hearing on all issues raised - however unlikely it is that any such hearing would be granted. The respondent also acknowledges that when a state prisoner presents a mixed petition under Section 2254, the district court possesses discretion to stay the petition "to allow a petitioner to present his unexhausted claims to the state court in the first instance and then return to federal court for review of his perfected petition." *Rhines v. Weber*, 544 U.S. 269 (2005).

The propriety of holding habeas petitions in abeyance pending exhaustion is subject to doubt. It has been the Court's view that, since proceeding in such a fashion might involve an "implication as to the merits," *Slayton v. Smith*, 404 U.S. 53, 54 (1971), this fact, as well as considerations of comity, generally dictate dismissal without prejudice for failure to exhaust when "a reasonable possibility exists that the state court may decide to reach the merits of a claim." *Meadows v. Legursky*, 904 F.2d 903, 910 (4th Cir. 1990).

However, taking the instant petition at face value and in light of the statute of limitations issues arising as a consequence of 28 U.S.C. §2244, it seems that, when dismissal for failure to

exhaust state remedies may result in the petitioner's inability to timely seek federal habeas relief[1], holding the petition in abeyance does not implicate the Court's view on the merits of the §2254 petition or its underlying complaints nor does it interfere with the state's clear right to consider and decide the issues raised and which are pending in that forum..

Accordingly, the undersigned **GRANTS** the petitioner's Motion to Hold in Abeyance (Doc. 21). The petitioner is directed to move for reinstatement of this action to the active docket of the Court within thirty (**30**) days from the date his state court remedies have been exhausted. Failure to do so could result in dismissal of his present petition. It is further **ORDERED** that the Clerk place this matter on the inactive docket of the Court pending resolution of the state habeas petition.

The Clerk of the Court is directed to mail a copy of of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Order to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 29, 2010

                                                 /s/ James E. Seibert
                                                 **JAMES E. SEIBERT**
                                                 **UNITED STATES MAGISTRATE JUDGE**

---

[1] The United States Supreme Court has held that "§2244 (b)(2) does not toll the limitations period during the pendency of a federal habeas petition." Duncan v. Walker, 533 U.S. 167 (2001).