IN THE UNITED STATES DISTRICTCOURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STANLEY DEMERE,

    Petitioner,

v.                                          Case No. 2:09cv83
                                                      Judge Bailey

**WARDEN DAVID BALLARD,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Factual and Procedural Background

On July 22, 2009, the *pro se* petitioner initiated this action pursuant to 28 U.S.C. § 2254. Following preliminary review and an Order directing an answer, the respondent filed a Motion to Dismiss the petition for failure to exhaust state court remedies. In response to a Roseboro Notice, the petitioner filed a Motion to hold his petition in abeyance pending his efforts to exhaust all of the claims raised in his federal petition. On January 8, 2010, the undersigned issued an Order directing the respondent to show cause why the petitioner's Motion for Abeyance should not be granted. No response was filed. Accordingly, on January 29, 2010, an Order was entered granting the petitioner's Motion for Abeyance. The order also directed the Clerk to place this matter on the Court's inactive docket and directed the petitioner to move for reinstatement within thirty (30) days from the date he exhausted his state court remedies.

By Order entered October 4, 2010, the January 29, 2010 order was modified, reopening the case but continuing to hold in abeyance Grounds Four through Eight, and staying the case in its entirety pending the petitioner's attempt to present his unexhausted federal claims to the courts of West Virginia. The petitioner was directed to provide the court and the respondent with

quarterly status updates of the progress of the state court proceedings at least every three months. To date, petitioner has complied with that order.

On December 14, 2011, filed a Motion to Waive Exhaustion under 28 U.S.C. §2254(b)(B)(1) and 28 U.S.C. §2254(b)(B)(ii), asserting that he was eighty-one years old; the oldest person in the state correctional system serving a life sentence; twenty months had elapsed since he filed his *pro se* petition in the Circuit Court of Pendleton County, West Virginia; and asking this Court to excuse his exhaustion requirement based on the inordinate delay in the West Virginia state court system. The respondent was directed to file a response.

On January 4, 2012, the respondent filed a Response in Opposition to Petitioner's Motion to Waive Exhaustion, asserting that petitioner's motion was moot because his second state habeas petition was denied by the Circuit Court of Pendleton County, West Virginia, on October 12, 2011; petitioner had yet to appeal that denial to the West Virginia Supreme Court, and thus any delay in the corrective process was directly attributable to petitioner. Moreover, the respondent argued, there is no controlling federal authority suggesting that the advanced age of a petitioner imposes any duty on state or federal courts to expedite proceedings.

## II. Analysis

Twenty-Eight U.S.C. §2254(b)(1) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. §2254(b)(1).

Moreover, "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. §2254(b)(3). A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus

proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, the petitioner filed a state habeas petition after being unsuccessful in obtaining a direct appeal of his state court conviction and sentence. It is the delay in obtaining a decision in that action which the petitioner challenges in the instant petition. However, the respondent has attached a copy of the opinion of the Circuit Court of Pendleton County, West Virginia, showing that that Court denied and dismissed petitioner's State habeas petition over five and one half months ago, on October 12, 2011, mooting petitioner's present claim of delay in the State court.[2]

Based upon the record currently before the Court, it appears as if a petition on appeal has yet to be filed with the West Virginia Supreme Court. Because the state court has not yet issued a decision on the merits of the petitioner's claims, the State has not been afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoner's federal rights. The petitioner has not exhausted his State court remedies; it is possible he may yet prevail upon appeal of the denial of his habeas petition to the West Virginia Supreme Court. No circumstances exist that render such process ineffective to protect his rights, and counsel for the State has not

---

[1] Picard v. Connor, 404 U.S. 270 (1971).

[2] Apparently petitioner has not yet filed an appeal of that decision. However, his March 27, 2012 status report to this court indicates that he still intends to do so and has obtained an extension of time in which to accomplish it. (Dkt.# 41).

4

waived the exhaustion requirement.[3]  Accordingly, this Court has no jurisdiction to entertain petitioner's federal habeas petition unless and until he has fully exhausted his state remedies.

### III.  Recommendation

For the reasons set forth in this opinion, it is recommended that the petitioner's Motion to Waive Exhaustion under 28 U.S.C. §2254(b)(B)(1) and 28 U.S.C. §2254(b)(B)(ii) (Dkt.# 36) be **DENIED as moot**.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by April 30, 2012**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the United States District Judge.  **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[3] As for petitioner's plea that his requirement to exhaust his State court proceedings should be waived in consideration of his advanced age, "[i]t is true that exhaustion of state remedies takes time. But there is no reason to assume that state prison administrators or state courts will not act expeditiously . . . moreover, once a state prisoner arrives in federal court with his petition for habeas corpus, the federal habeas statute provides for a swift, flexible and summary determination of his claim." Preiser v. Rodriguez, 411 U.S. 475, 494 – 95 (1973), *quoting* 28 U.S.C. §2243.  The undersigned notes that the crime for which petitioner was convicted, the first murder of his estranged wife without a recommendation of mercy, was only committed on December 8, 2004. Petitioner was indicted on July 5, 2005 and arraigned the next day. After a three-day jury trial, petitioner was convicted on January 12, 2006. On February 9, 2006, he was sentenced to life in prison without the possibility of parole and given credit for 305 days already served.  (Exh. 3, Respondent's Motion to Dismiss at 2).  He filed his instant §22254 petition on July 22, 2009, less than 3 ½ years after he was sentenced.  Although he is now 81 years old, a review of the record reveals that he was already 73 when he committed the crime, and thus he has only been incarcerated for approximately 7 years for shooting his wife three times, once through the left breast, once through the chest and lung, and once through the forehead at close range, while he stood above her and she crawled on the floor, apparently trying to escape. (Response of the State of West Virginia to the Defendant's Petition for Appeal at 4, Exh. 4, Respondent's Motion to Dismiss). Petitioner can certainly attempt to seek an expedited appeal in the State court system based upon his advanced age, but this Court has no jurisdiction to expedite his State court exhaustion process.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to Dawn Warfield, Deputy Attorney General, 1900 Kanawha Blvd., E., Room E-26, Charleston, WV 25305-0220, and to petitioner's counsel of record.

DATED: April 16, 2012.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE